M. G. PICKETT, E. F. McLENDON AND A. B. MANGUM v. J. R. OVERMAN.

(Filed 19 December, 1947.)

**Cancellation of Instruments § 9—**

> In plaintiffs' action for specific performance of defendant's agreement to sell stock in a close corporation, defendant admitted the allegations of the complaint but alleged in effect that he was induced to sign the contract by false representations as to the value of the stock and threats made by plaintiffs that if he did not sell, plaintiffs, through their majority control, would deprive defendant of future dividends on the stock and the bonus theretofore annually paid to stockholders. *Held:* Defendant's answer alleges fraud, undue influence and coercion practiced by plaintiffs in procuring defendant's execution of the contract, and judgment on the pleadings decreeing specific performance on the ground that the answer was insufficient to allege legal fraud, is reversed.

APPEAL by defendant from *Bone, J.,* September Term, 1947, ALA-MANCE. Reversed.

Civil action to compel specific performance of a contract to convey capital stock in a close corporation.

Glenover Hosiery Mills, Inc. is a close corporation. Its stock consists of 380 shares of which plaintiffs own 270 shares and defendant owns 90 shares.

The defendant, answering the complaint filed, admits the contract, demand, tender, and ability of plaintiffs to perform on their part. In further defense he avers that the said contract is not binding and enforceable "for the reason that he was induced to sign the same by the fraud, duress and coercion of the plaintiffs, as hereinafter set out." Thereafter he pleads the representations, acts, and conduct of plaintiffs which he contends constitute fraud, undue influence and coercion.

When the cause came on for trial, after plaintiffs had offered in evidence the admissions contained in the answer, the court "being of the opinion that the facts so alleged do not constitute legal fraud and are not sufficient to bar plaintiffs' right to recover upon said written agreement," and that on the facts alleged and admitted, plaintiffs are entitled to specific performance thereof, entered judgment on the pleadings decreeing specific performance as prayed. Defendant excepted and appealed.

*Cooper, Sanders & Holt for plaintiff appellees.*
*Thos. C. Carter and W. D. Madry for defendant appellant.*

BARNHILL, J. The one question presented for decision on this appeal is this: Are the facts alleged in defendant's answer and further answer sufficient to constitute a plea of fraud, undue influence and coercion prac-

ticed by plaintiffs in procuring defendant's execution of the contract set out in the complaint and admitted in the answer? The court below answered in the negative. A careful consideration of the record leads us to the opposite conclusion.

The defendant, in support of his allegation that he was induced to sign the contract "by the fraud, duress and coercion of the plaintiffs," avers in substance that he is uneducated and inexperienced, being a machine fixer in the mill; that he had no access to the books and records of the corporation which were at all times in the custody of plaintiffs; that plaintiffs knowingly and falsely, with intent to deceive, grossly misrepresented the value of the stock, of which value he had no knowledge; that he was deceived thereby; that each stockholder was paid annually a bonus equal to 20% of the face value of his stock in addition to dividends and salaries; that plaintiffs asserted that if he did not sell, they, through their majority control, would discontinue his bonus and deprive him of all future dividends, "pictured to the defendant the many injurious consequences that would result to him if he did not sell his stock at once at the price offered"; that they continued to make threats about the methods they would use to prevent him from realizing any further income from his said stock and "did 'bulldoze' the defendant and by threats of depriving him of all future profits on his stock, and by misrepresenting the true value of his stock, did inveigle the defendant into signing said contract."

Thus, on defendant's allegations it would seem plaintiffs not only knowingly falsely represented the value of the stock to be much lower than its real value, but also, by virtue of their complete control of corporate affairs, placed defendant in the position where he was compelled to sell at their price or else suffer the loss of the income-producing quality of his stock which, in turn, would destroy or materially reduce its market or sales value. It was not a case of take it or leave it, but a case of take it or lose it. He was compelled to choose whether he would be cast against Scylla or engulfed in Charybdis. So he alleges. He is entitled to his day in court to seek to make good these allegations.

The judgment below is

Reversed.